Case 5:19-cv-00153   Document 32   Filed on 06/28/22 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas

**ENTERED**
June 28, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| CYNTHIA LYNN AINA, § § **Plaintiff,** § § V. § § KILOLO KIJAKAZI, Acting § Commissioner of Social Security, § § **Defendant.** § | CIVIL ACTION NO. 5:19-CV-153 |

### REPORT AND RECOMMENDATION

Before the Court is Plaintiff's Counsel's Motion for Attorney's Fees Pursuant to Social Security Act 206(b)(1). (Dkt. No. 30). Plaintiff's counsel requests attorney's fees of $10,909.00 pursuant to 42 U.S.C. § 406(b)(1).[1] (Dkt. No. 30-1 at 3). Defendant does not oppose Plaintiff's counsel's request for attorney's fees. (Dkt. No. 31 at 2). For the reasons discussed below, the Undersigned recommends[2] that the motion for attorney's fees, (Dkt. No. 30), be granted.

**I. BACKGROUND**

On November 11, 2019, Plaintiff Cynthia Lynn Aina filed a complaint seeking reversal and remand of the Commissioner of Social Security's ("Commissioner") decision

---

[1] "Section 206 of the Social Security Act was codified at 42 U.S.C. § 406." *Panos v. Berryhill*, No. EP-17-CV-00220-ATB, 2019 WL 2368684, at *1 n.2 (W.D. Tex. June 5, 2019). When discussing the statutory basis for counsel's motion, this Court will refer only to 42 U.S.C. § 406(b).

[2] Rule 54 of the Federal Rules of Civil Procedure states, in relevant part, that a district court "may refer a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a *dispositive* pretrial matter." Fed. R. Civ. P. 54(d)(2)(D) (emphasis added). Additionally, courts have held that post-trial motions for attorney's fees are dispositive matters. *See Rajaratnam v. Moyer*, 47 F.3d 922, 923–25 (7th Cir. 1995) (holding magistrate lacked authority to enter final order on motion for EAJA attorney's fees); *Hamdan v. Tiger Bros. Food Mart Inc.*, No. CV 15-412-BAJ-EWD, 2018 WL 3029991, at *1 n.3 (M.D. La. May 22, 2018), *R. & R. adopted*, No. CV 15-00412-BAJ-EWD, 2018 WL 3028943 (M.D. La. June 18, 2018) (citing *Blair v. Sealift*, 848 F. Supp. 670, 679 (E.D. La. 1994)); *see also* Fed. R. Civ. P. 54 advisory comm. note to 1993 amend. ("This authorization eliminates any controversy as to whether … motions for attorney's fees can be treated as the equivalent of a dispositive pretrial matter … ."). Accordingly, the Undersigned issues the following Report and Recommendation for the consideration of the District Court.

denying her benefits under the Social Security Act. (Dkt. No. 1). Plaintiff filed her Motion for Summary Judgement and supporting memorandum of law in favor of remand on June 1, 2020. (Dkt. Nos. 15, 16). In response, Defendant filed an unopposed motion to reverse the Commissioner's denial and remand for further proceedings. (Dkt. No. 24). On August 28, 2020, the District Court reversed the Commissioner's decision and remanded the case for further proceedings. (Dkt. No. 25). Following Plaintiff's motion, (Dkt. No. 26), the Court awarded $4,993.66 in attorney's fees under the Equal Access to Justice Act ("EAJA"). (Dkt. No. 29).

On June 14, 2021, the Commissioner rendered a decision in favor of Plaintiff and awarded retroactive benefits totaling $43,646.00. (Dkt. No. 30-3 at 3–5). Plaintiff's counsel received the Notice of Award ("NOA") on July 15, 2021, (*id.* at 2), and, on July 19, 2021, filed the instant motion for attorney's fees.[3] (Dkt. No. 30 at 1). Plaintiff's counsel now seeks $10,909.00 in attorney's fees pursuant to § 406(b), which counsel asserts is 25% of the retroactive benefits paid to Plaintiff. (Dkt. No. 30-1 at 2–3). In response, Defendant states that $10,909.00 represents 25% of Plaintiff's retroactive benefits and "will not argue that the amount requested is a windfall." (Dkt. No. 31 at 2).

## II. LEGAL STANDARD

Section 406(b) of the Social Security Act governs the award of attorney's fees for representing a claimant in court. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). Section 406(b) states, in relevant part, that

> "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"

42 U.S.C. § 406(b)(1)(A). If, on remand, an attorney obtains a favorable decision for her

---

[3] The Commissioner does not argue that counsel's motion is untimely. (*See* Dkt. No. 31). Nonetheless, the Court observes that counsel filed her motion within a week of receiving the NOA. Therefore, the Court counsel's motion appears to be timely filed. *See, e.g.*, *Cromeens v. Saul*, No. 3:17-CV-2114-G-BH, 2020 WL 7345676, at *2 (N.D. Tex. Nov. 13, 2020), *R. & R. adopted*, No. 3:17-CV-2114-G-BH, 2020 WL 7344176 (N.D. Tex. Dec. 14, 2020) (finding motion filed within a reasonable time after receipt of the NOA to be timely).

client, § 406(b) permits the "discretionary award of attorney's fees out of the past-due benefits recovered[.]" *Murkeldove v. Astrue*, 635 F.3d 784, 787 (5th Cir. 2011); *Jackson v. Astrue*, 705 F.3d 527, 531 (5th Cir. 2013).

"Section 406(b) applies a flat 25% cap on fees for court representation." *Culbertson v. Berryhill*, 139 S. Ct. 517, 522 (2019). But even if the requested fees fall within the 25% cap, "§ 406(b) calls for court review of such arrangements as an independent check[.]" *Gisbrecht*, 535 U.S. at 807. Thus, courts evaluate the reasonableness of § 406(b) fees— *sua sponte*, if necessary—to ensure "that they yield reasonable results in particular cases[,]" and are not a windfall for the attorney. *Id.*; *see, e.g.*, *Brown v. Comm'r of Soc. Sec. Admin.*, No. 3:18-CV-0190-BH, 2022 WL 1156019, at *1, 3–4 (N.D. Tex. Apr. 19, 2022) (examining the reasonableness of requested § 406(b) fees, *sua sponte*); *Panos*, 2019 WL 2368684, at *1–5 (same). Additionally, "[a]ttorneys who successfully represent social-security-benefits claimants in court may receive fees under both the EAJA and § 406(b), 'but … must refun[d] the claimant the amount of the smaller fee.'" *Jackson*, 705 F.3d at 529 n.2 (quoting *Gisbrecht*, 535 U.S. at 796).

When evaluating the reasonableness of a request for § 406(b) fees, courts begin with the contingency fee agreement. *See Jeter v. Astrue*, 622 F.3d 371, 379 (5th Cir. 2010) (stating that *Gisbrecht* "instructed … lower courts to give the contingency fee agreement 'primacy[.]'"). Fee agreements which provide for attorney's fees over 25% of past-due benefits are unenforceable. *Gisbrecht*, 535 U.S. at 807; § 406(b)(1)(A). The Court may also consider a variety of factors, such as the "risk of loss," the "value of the case to a claimant, degree of difficulty, and whether the client consents to the requested fee[,]" or whether the attorney caused undue delay. *Jeter*, 622 F.3d at 382 (citations omitted); *see, e.g.*, *Calaforra v. Berryhill*, No. 4:15-CV-02298, 2017 WL 4551350, at *4 (S.D. Tex. Oct. 12, 2017) (listing factors). This list is non-exhaustive, and no one factor is dispositive. *See Jeter*, 622 F.3d at 377; *Blanks v. Berryhill*, No. 3:14-CV-303, 2017 WL 6389693, at *2 (S.D. Tex. Nov. 21, 2017), *R. & R. adopted sub. nom.*, *Blanks v. Colvin*, No. 3:14-CV-00303, 2017 WL 6398748 (S.D. Tex. Dec. 13, 2017). Courts may also consider, but not

primarily rely on, the attorney's "effective hourly fee rate."[4] *Jeter*, 622 F.3d at 380. Finally, a court "cannot find that a particular fee award would result in a windfall unless the court can articulate additional, specific factors to demonstrate that the resulting high fee was unearned by the attorney-and thus not attributable to the attorney's representation of the client before the court." *Id.*

## III. DISCUSSION

Even though the Commissioner does not oppose the instant motion, (Dkt. No. 31 at 2), the Court must still evaluate whether Plaintiff's counsel's request for attorney's fees under § 406(b) is reasonable. *See Gisbrecht*, 535 U.S. at 807. It is Plaintiff's counsel's burden to demonstrate her requested §406(b) fee award is reasonable. *See Calaforra*, 2017 WL 4551350, at *3 (citing *Gisbrecht*, 535 U.S. at 807). After weighing the relevant factors, the Court finds counsel's request for $10,909.00 in § 406(b) attorney's fees to be reasonable.

First, the Court notes that Plaintiff and counsel entered into a contingency fee agreement which stipulated that counsel would receive 25% of any retroactive benefits awarded. (Dkt. 30-2 at 2). This demonstrates that Plaintiff consented to the payment of a 25% fee in this case. *See Cromeens*, 2020 WL 7345676, at *2. But more importantly, $10,909.00 is almost exactly 25% of the $43,646.00 award. This is consistent with the fee agreement and falls within § 406(b)'s statutory ceiling. 42 U.S.C. § 406(b)(1)(A).

Second, Plaintiff's counsel took on a risk of loss simply by taking Plaintiff's case by entering into a contingency fee agreement and assuming the risk of not receiving any payment. (*See* Dkt. No. 30-1 at 2). Moreover, as "courts have consistently recognized … there is a substantial risk of loss in civil actions for social security disability benefits." *Smith v. Berryhill*, No. 3:15-CV-686-M-BH, 2017 WL 1501542, at *2 (N.D. Tex. Apr. 6, 2017), *R. & R. adopted*, No. 3:15-CV-686-M-BH, 2017 WL 1494722 (N.D. Tex. Apr. 26, 2017) (citations and internal quotations omitted). This factor weighs in favor of finding

---

[4] The effective hourly rate is calculated by dividing the contingency fee amount by the number of hours worked. *See Jeter*, 622 F.3d at 376.

Plaintiff's request reasonable. *See Jeter*, 622 F.3d at 382.

Third, the value of this case to Plaintiff is significant. On remand, the Commissioner determined Plaintiff was disabled since August of 2016 and awarded retroactive benefits totaling $43,646.00. (Dkt. No. 30-3 at 3–5). The Commissioner also determined that Plaintiff will receive $731.00 in monthly benefits. (*Id.* at 3). This weighs in favor of approving counsel's request for attorney's fees. *See, e.g.*, *Cromeens*, 2020 WL 7345676, at *4.

Fourth, there is no indication Plaintiff's counsel caused any undue delay in the case. This weighs in favor of approving counsel's requested award. *See Blanks*, 2017 WL 6389693, at *3.

Finally, counsel's effective hourly rate is not a "windfall." Dividing the fee sought ($10,909.00) by the attorney-hours worked by Plaintiff's counsel (22.4 hours) results in an effective hourly rate of $459.78. (*See* Dkt. Nos. 30-1 at 3, 30-5 at 2). This is well within the amount typically approved by courts in the Fifth Circuit. *See, e.g.*, *Blanks*, 2017 WL 6389693, at *3 (collecting cases).

The Court further notes that counsel provided "effective and efficient representation." *Cromeens*, 2020 WL 7345676, at *4. Counsel spend just over 22 attorney hours on this case, which resulted in well-researched and thorough 26-page summary judgment brief, (Dkt. No. 16), which distilled a 617-page administrative record. (Dkt. No. 14). Notably, rather than opposing Plaintiff's motion, the Commissioner filed an unopposed motion to remand in response. (Dkt. No. 24). Thus, the Court concludes that counsel's success is attributable to her own work and this weighs in favor of approving her motion for attorney's fees. *See, e.g.*, *Cromeens*, 2020 WL 7345676, at *4.

After considering the factors discussed above and the Commissioner's non-opposition, the Court finds that the $10,909.00 is reasonable. The Court further finds that the award is attributable Plaintiff's counsel's advocacy and does not constitute a windfall.

## IV. RECOMMENDATION

Based on the foregoing, the Undersigned **RECOMMENDS** that the District Court **GRANT** Plaintiff's Counsel's Motion for Attorney's Fees Pursuant to Social Security Act

206(b)(1). (Dkt. No. 30). The Undersigned **RECOMMENDS** that, pursuant to 42 U.S.C. §406(b)(1), the District Court award Plaintiff's counsel $10,909.00 in attorney's fees, with the check made payable directly to Plaintiff's counsel, Melissa Palmer, at her address-of-record. (*See* Dkt. No. 30-8 at 1–2). Finally, the Undersigned further **RECOMMENDS** that the District Court **ORDER** Plaintiff's counsel to refund the previously-awarded EAJA award directly to Plaintiff. (Dkt. No. 29).

## V. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, the parties may file written objections to the findings and recommendations proposed above. 28 U.S.C. § 636(b)(1). The District Judge will review de novo those portions of the report or specified proposed findings or recommendations to which the party objects. The District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by this Court, and may also receive further evidence or recommit the matter to this Court with instructions. *Id.* The District Court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

If a party does not object within fourteen days, the party forfeits its right to District Court review. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

**SIGNED** on June 28, 2022.

John A. Kazen
United States Magistrate Judge